UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR FAI LAU,<br><br>      Plaintiff,<br><br>-against-<br><br>EX NEW YORK STATE ATTORNEY<br>GENERAL ERIC SCHNEIDERMAN,<br><br>      Defendant. | 19-CV-4195 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. § 1331, alleging that Defendant violated his constitutional rights. By order dated September 4, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

  The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Victor Fai Lau brings this action regarding the dismissal of his appeal of a matrimonial action. He asserts that the former New York State Attorney General, Eric Schneiderman, "had the corruption connection with Judge Matthew Cooper, he didn't intervene my case and hence my appeal was dismissed without a hearing." (ECF No. 2 at 5.)[1]

Plaintiff's complaint is not the model of clarity, but the Court gleans the following facts from a previous action Plaintiff filed in this Court concerning the same events. On September 9, 2009, after nearly ten years of marriage, Ruo Mei Cai commenced a divorce action against Plaintiff in the Supreme Court, New York County (*Cai v. Lau*, Index No. 309888/09). *See Cai v. Lau*, ECF 1:16-CV-4024, 4 (S.D.N.Y. June 20, 2016). On April 9, 2010, the New York State Supreme Court entered a default judgment. *Id.* Plaintiff thereafter challenged the default judgment, and after a hearing regarding the sufficiency of service, on December 6, 2011, the

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

Supreme Court reopened the action to permit discovery and a trial on the economic issues. *Id.* On June 30, 2014, the Supreme Court entered a final disposition rejecting Plaintiff's claims for maintenance from his ex-wife and for a monetary award based on his ex-wife's enhanced earning capacity as a result of her medical degree. *Id.* On November 24, 2015, the Appellate Division, First Department, unanimously affirmed, holding that the trial court properly exercised its discretion in denying the husband maintenance and in denying an award for the wife's enhanced earning capacity. *Id.* On February 11, 2016, the New York Court of Appeals dismissed Plaintiff's appeal. *Id.*

Plaintiff describes his injuries as "my appeal to the court of appeal of new york was not picked up by the court and dismissed, I may loss the marriage property a share of the MD license, and a compensation of the Cruel treatment with the false accusation by the plaintiff Ruomei Cai in the state court case 309888/09." (*Id.* at 6.)

Plaintiff seeks unspecified monetary damages.

## DISCUSSION

### A. Eleventh Amendment

Plaintiff's claims against former New York State Attorney General Eric Schneiderman are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

3

Plaintiff's § 1983 claims against Defendant are therefore barred by the Eleventh Amendment and are dismissed.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**B.** **Litigation History**

On May 25, 2016, Plaintiff filed an action in this Court alleging various acts of wrongdoing by his ex-wife in connection with the divorce proceedings in state court. *See Lau v. Cai*, ECF 1:16-CV-3888, 2 (S.D.N.Y. July 5, 2016). The Court dismissed the action for lack of subject matter jurisdiction and as precluded by the *Rooker-Feldman* doctrine. *Id.* at ECF No. 4.

On May 31, 2016, Plaintiff filed a notice of removal, purporting to remove the closed state-court action; the Court declined to remand the action to the state court and dismissed the action as frivolous. *See Cai v. Lau*, ECF 1:6-CV-4024, 4 (S.D.N.Y. June 20, 2016).

Plaintiff is therefore warned that further vexatious, frivolous, or nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission.

---

[2] There is a limited exception to the Eleventh Amendment's bar on claims against state officials in their official capacities where a plaintiff seeks to remedy an ongoing violation of federal law through declaratory or injunctive relief that is properly characterized as prospective. *See Ford v. Reynolds*, 316 F.3d 351, 354-55 (2d Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Plaintiff's claims do not fit within this exception because he does not provide facts that support the existence of an ongoing violation of federal law.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is warned that further vexatious, frivolous, or nonmeritorious litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 24, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge